## IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CITY OF CLARKEDALE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:09CV00061   SWW |
| GREGORY M. LACKEY | * | LEAD CASE |
| | * | |
| Defendant | * | |

*consolidated with:*

| | | |
|---|---|---|
| GREGORY LACKEY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:09CV00062   JLH |
| CITY OF CLARKEDALE, ET AL. | * | |
| | * | |
| Defendants | * | |

## **ORDER**

Before the Court is Defendant's motion for consolidation (docket entry #7) and Plaintiff's response (docket entry #12). After careful consideration, the motion to consolidate will be granted.

On August 5, 2009, the City of Clarkedale ("City") commenced this action against Gregory M. Lackey ("Lackey") in the Circuit Court of Crittenden County, Arkansas. *See* docket entry #2. The City seeks an injunction enjoining Lackey from proceeding with actions on his property in violation of zoning ordinances.

On May 7, 2009, Lackey removed the case to this Court. The same day, he commenced a separate lawsuit against the City and other defendants in this Court, *see Lackey v. City of Clarkedale, et al.*, No. 3:09CV00062 JLH (hereinafter "Case No. 3:09CV00062 JLH"), claiming that the City and others took the same property at issue in this removed case, without just compensation in violation of his constitutional rights.

On May 28, 2009, the City filed a notice of related case, informing the Court of Case No. 3:09CV00062 JLH, and on June 4, 2009, Lackey filed a motion to consolidate this case with Case No. 3:09CV00062 JLH. The Court postponed ruling on the motion to consolidate in consideration of the City's request to postpone a ruling "until all of the Defendants in the related action have been served and given an opportunity to respond . . . . "

On July 16, 2009, the City filed a response to Lackey's motion to consolidate stating in part as follows:

> Consolidation would not be proper given that Defendant Lackey's claims in Case No. 3:09CV00062 JLH are compulsory counterclaims to the claims raised by the City. Consequently, while Plaintiff does not technically object to consolidation, the two cases should be consolidated only so far as the Court should assume jurisdiction over and dismiss Case No. 3:09CV00062JLH based on Fed R. Civ. P. 13(a)(1) and Defendant's admissions in Paragraph 4 of Defendant's Motion to Consolidate, that the two actions involve the same nucleus of operative facts.

Docket entry #12, ¶ 5.

Notwithstanding the City's contention regarding compulsory counterclaims, the question presently before the Court is whether consolidation is warranted. Federal Rule of Civil Procedure 42 provides: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning

proceedings therein as may tend to avoid unnecessary costs or delay."

It is clear that this case and Case No. 3:09CV00062 JLH involve common questions of law and fact, and the City does not dispute the undeniable fact that the requirements for consolidation are met. Without question, consolidation would promote efficiency, and allowing the actions to proceed separately would create the risk of inconsistent rulings.

IT IS THEREFORE ORDERED that:

1. Defendant's motion to consolidate (docket entry #7 ) is GRANTED.

2. This case, Case No. 3:09CV00061 SWW, and Case No. Case No. 3:09CV00062 JLH are hereby CONSOLIDATED and shall continue as a single case under the lead case, Case No. 3:09CV00061 SWW.

3. The parties are advised that all filings should be made only in the lead case, and the Clerk is directed that a this order should be filed in both cases.

IT IS SO ORDERED THIS 21ST  DAY OF JULY, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE